

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Andrew J. Hickey
County Auditor
Victoria County
Victoria, Texas

Dear Sir:

Opinion No. O-2685
Re: Under the circumstances is Victoria
County required to reimburse DeWitt
County for the jury fees expended in the
trial of the mentioned case?

Your recent request for an opinion of this department
on the question as is herein stated has been received.

We quote from your letter as follows:

"Under the Statutes of Texas providing for
the indictment of a person for rape in another
county than the county in which the crime was
committed O. B. Sterling was indicted by the
Grand Jury of DeWitt County for the crime com-
mitted in Victoria County.

"The case was brought to trial in DeWitt
County and the District Clerk has submitted to
Victoria County a statement of Jury Fees due in
the trial of the above cause.

"Under the circumstances is Victoria County
required to reimburse DeWitt County for the Jury
fees expended in the trial of the above case?"

Article 207, Vernon's Code of Criminal Procedure,
reads as follows:

"Rape may be prosecuted in the county in
which it is committed, or in any county of the
judicial district in which it is committed, or in
any county of the judicial district the judge of
which resides nearest the county seat of the
county in which the offense is committed. When

Honorable Andrew J. Hickey, Page 2

the judicial district comprises only one county, prosecutions may be commenced and carried on in that county, if the offense be committed there, or in any adjoining county. When it shall come to the knowledge of any district judge whose court has jurisdiction under this article that rape has probably been committed, he shall immediately, if his court be in session, and if not in session, then, at the first term thereafter in any county of the district, call the attention of the grand jury thereto; and, if his court be in session, but the grand jury has been discharged, he shall immediately recall said grand jury to investigate the accusation. Prosecutions for rape shall take precedence in all cases in all courts; and the district courts are authorized and directed to change the venue in such cases whenever it shall be necessary to secure a speedy trial."

We quote from Texas Jurisprudence, Vol. 12, page 443, as follows:

"....Venue in a criminal case means the place in which prosecutions are to begin. Generally speaking, there is a distinction between jurisdiction of the subject matter and venue. By the common law crimes are local, to be prosecuted in the county of their commission, and only in such county can the grand jury inquire of them. But there is no provision of the state or federal constitutions prohibiting the legislature from authorizing a prosecution in a county other than the one where the offense was committed; and it has done so in some instances. For example, the code provides that rape may be prosecuted in the county in which it is committed, or in any county of the judicial district in which it is committed, or in any county of the judicial district the judge of which resides nearest the county seat of the county in which the offense is committed; and this provision has been upheld as constitutional."

Honorable Andrew J. Hickey, Page 3

Victoria County and DeWitt County are in the same judicial district, namely the 24th Judical District of Texas,

Articles 1050 and 1051, Code of Criminal Procedure, read as follows:

"Art. 1050. In all causes where indictments have been presented against persons in one county and such causes have been removed by change of venue to another county, and tried thereon, the county from which such cause is removed shall be liable for all expenses incurred for pay for jurors in trying such causes.

"Art. 1051. The county commissioners of each county at each regular meeting shall ascertain whether, since the last regular meeting, any person has been tried for crime upon a change of venue from any other county. If they find such to be the case they shall make out an account against such county from which such cause was removed showing the number of days the jury in such case was employed therein, and setting forth the amount paid for such jury service; such account shall then be certified to as correct by the county judge of such county, under his hand and seal, and be, by him, forwarded to the county judge of the county from which the said cause was removed; which account shall be paid in the same manner as accounts for the safe keeping of prisoners."

Article 1056, Code of Criminal Procedure, reads in part as follows:

"Each juror in the district or criminal district court, county court, or county court at law, except special veniremen whose pay is now fixed by law, shall receive three dollars for each day and for each fraction of a day that he may attend as such juror, to be paid out of the jury fund of the county in which he may so serve....."

It will be noted that under Article 1050, supra, that in all cases where indictments have been presented against

Honorable Andrew J. Hickey, Page 4

persons in one county and such cases have been removed by change of venue to another county and tried therein, the county from which such cause is removed shall be liable for all expenses incurred for pay of jurors in trying such cases. However, no statute that we have been able to find requires the county where the offense has been committed to pay the jury fees above mentioned where venue has been given to other counties as in the case of rape by Article 207, Code of Criminal Procedure, supra.

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this department that Victoria County is not liable for the jury fees expended in the trial of the above mentioned case in DeWitt County under the facts stated in your inquiry.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED SEP 9, 1940

ATTORNEY GENERAL OF TEXAS

